FILED
2021 Dec-03  PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VERONICA KEMP,** <br> and all other similarly situated persons <br><br> Plaintiff, <br><br> vs. <br><br> **JEFFERSON COUNTY COMMITTEE** <br> **FOR ECONOMIC OPPORTUNITY** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: <br> ) <br> ) <br> ) <br> ) <br> ) CLASS ACTION <br> ) |

## CLASS ACTION COMPLAINT

**I.   JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § § 2201 and 2202.  This is a suit authorized and instituted pursuant to the Worker Adjustment and Retraining Notification Act known as the "WARN ACT".  29 U.S.C. §2101- 09 et seq.   The case seeks class action status for all employees who were part of mass lay-off on or about November 24, 2021 without  sixty days notice.  This case is for all employees wherever so located who were terminated and/or laid off without sixty days notice, as required by statute.

**II.   PARTIES**

2. Plaintiff, Veronica Kemp, is a citizen of the United States, and a resident of the State of Alabama.  Ms. Kemp is a former full-time Teacher's Assistant for the Jefferson County Committee for Economic Opportunity, that is purportedly no longer in business.

3. Defendant, Jefferson County Committee for Economic Opportunity ("Defendant" or "JCCEO") is a nonprofit organization incorporated to provide a wide range of services to

low-income residents of Jefferson County, Alabama.

4. The Defendant company is subject to suit pursuant to the provisions of the Act of Congress known as "Worker Adjustment Retraining Notification Act"  29 U.S.C § 2101 (1994) et seq.  Defendant JCCE) is "a business enterprise" that employs 100 or more full time employees. 29 U.S.C. §2101(a).

### III.  CLASS ALLEGATIONS

5. This is action on behalf of the named plaintiff and all putative class members who were employed by the JCCEO in various jobs delivering services to the low-income residents of Jefferson, County Alabama.  Kemp, sues on behalf of herself, and on behalf of all other similarly situated individuals employed the JCEEO, who were subject to the lay-off which occurred without warning on November 24, 2021.

6. Kemp and hundreds of others formerly employed by JCCEO in Jefferson County, Alabama, lost their employment without 60 days advance warning when JCCEO shutdown and/or laid them off without sixty days notice.

7. The class is comprised the all persons formerly employed by the JCCEO to deliver services to the low-income residents of Jefferson County and who were separated from employment with less than 60 days notice.   JCCEO closely monitored and supervised these employees on a continual basis and had means to alert them of any facility closure or cessation of operations.

### III.  STATEMENT OF FACTS

8. The plaintiffs re-allege and incorporate by reference paragraphs 1- 7 above with the same force and effect as if fully set out in specific detail hereinbelow.

9. On November 24, 2021,  JCCEO publicly announced that because of financial

2

mismanagement, it was laying off approximately 500 employees.

10. Around the time of the lay-off announcement, the effected employees were informed that they would not receive paychecks for the prior weeks work or going forward.

11. As a result of JCCEO's announcement hundreds of employees who worked exclusively for it lost their jobs without sixty days notice.

12. JCCEO's mass lay-off terminated these employees with no regard to the statutory warning period. JCCEO was the decision-maker that eliminated these jobs and caused the unemployment without sixty days notice.

13. On December 1, 2021, JCCEO officials represented that the business would pay the effected employees wages earned up to December 12, 2021. That promise has since been rescinded and no payments have been forthcoming.

### IV.    CLASS ALLEGATIONS

#### A.    CLASS DEFINITION

14. The Representative Plaintiff sues on behalf of herself and on behalf of all other similarly-situated employees employed by the JCCEO where there were more than 50 employees. The Representative Plaintiff is member of the class she seeks to represent. The class consists of former employees of the JCCEO who lost their employment without being given proper notice and benefits under the Worker Adjustment and Retraining Notification Act .

#### B.    COMMON QUESTIONS OF LAW AND FACT

15. The prosecution of the claims of the Representative Plaintiff requires adjudication of numerous questions of law and fact common to their individual claims and those of the putative class he seeks to represent. The common questions of law, inter alia, include whether the Defendant

has failed to give the statutory notice required by the Worker Adjustment and Retraining Notification Act .

      C.     **TYPICALITY**

16. The claims of the Representative Plaintiff are typical of those of the members of the class. The Representative Plaintiff and all class members have been and are similarly adversely effected by the corporate decision to end domestic service within the United States. Specifically, the representative claim, like those of the class members, arise out of Defendant's decision to lay-off hundreds of employees without sixty days advance notice to the effected parties.

17. The failure to issue the required sixty day notice effects the employees and the class they seek to represent in the same way.

18. Defendant has failed to implement adequate procedures to prevent and/or correct this practice.

19. The relief necessary to remedy the claims of the Representative Plaintiff is the same relief that is necessary to remedy the claims of the putative class members in this case. The Representative Plaintiff seeks the following relief for individual claims and class claims asserted herein: (1) a declaratory judgment that Defendant failed to issue the proper WARN ACT notice; (2) a permanent injunction against future violations; (3) all equitable relief allowed under the statute including back pay for up to 60 days per class member, plus benefits, and (4) attorneys' fees, costs, and expenses.

      D.     **NUMEROSITY AND IMPRACTICABILITY OF JOINDER**

20. The class that the Representative Plaintiff seeks to represent are too numerous to make joinder practicable. The proposed class consists of hundreds of former JCCEO employees who

were employed by the JCCEO and who were separated from employment without the sixty days notice.

### E. ADEQUACY OF REPRESENTATION

21. The Representative Plaintiffs will fairly and adequately protect the interests of the class inasmuch as they are broadly representative, as reflected in the preceding paragraphs. The Representative Plaintiff has no conflicts of interest present with the members of the class they seek to represent because the class members would benefit from the imposition of a remedy. The Representative Plaintiff has retained counsel experienced in litigating class actions, and who are prepared and able to meet the time and fiscal demands of class action litigation of this size. The combined interest, experience, and resources of the Representative Plaintiff and counsel to litigate competently the WARN ACT claims to satisfy the adequacy of representation requirement under Fed. R. Civ. P. 23(a)(4).

### F. CERTIFICATION IS SOUGHT PURSUANT TO FED. R. CIV.P. 23(b)(2)

22. The common issues of fact and law effecting the claims of the Representative Plaintiff and proposed class members, including, but not limited to, the common issues identified in paragraphs 1-21 above, predominate over any issues effecting only individual claims.

23. JCCEO has acted on grounds generally applicable to the named Plaintiff and the proposed class by engaging in financial mismanagement resulting in a mass lay-off as defined by the WARN without sixty days notice.

24. JCCEO refused to act on grounds generally applicable to the class by: (1) refusing to provide sixty days notice prior to the mass lay-offs.

25. The equitable relief and declaratory relief are the predominate reliefs sought because they are both the cumulation of the proof of the Defendant's individual and class-wide liability at the end of Stage I of a bifurcated trial and the essential predicate for the named Plaintiff and class members entitlement to monetary and nonmonetary remedies at Stage II of such a trial.

26. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of mass lay-off caused by JCCEO. Such relief is the factual and legal predicate for the named Plaintiff's and the class members' entitlement to a remedy.

27. A class action is superior to other available means for the fair and efficient adjudication of the claims of the named Plaintiff and members of the proposed class.

28. The costs of proving the Defendant's violations make it impracticable and illogical for the named Plaintiff and members of the proposed class to prosecute their claims individually.

29. JCCEO failed to give the required 60 day notice and benefits under the WARN ACT prior to initiating the mass lay-off, thereby depriving the representative Plaintiff and the putative class of their federally protected rights.

**V.    COUNTS**

### COUNT I
### VIOLATION OF THE FEDERAL WARN ACT

30. The plaintiffs re-allege and incorporate by reference paragraphs 1-29 with the same force and effect as if fully set out in specific detail hereinbelow.

31. The JCCEO violated the WARN Act with respect to the Plaintiff and the putative class by failing to give 60 days advance notice as required prior to a mass lay-off or plant closing.

29 U.S.C.§ 2101 et seq.

32. Immediately prior to the mass lay-off, the JCCEO employed the Plaintiff and the putative class to deliver services to low-income residents of Jefferson County, Alabama.

33. The JCCEO engaged in the financial mismanagement that resulted in the mass lay-off, shutdown and closure without sixty-days notice.

34. As a result at least 33% of the active work force, excluding part-time employees, and at least 50 employees, excluding part time employees, were subjected to a mass layoff.

35. Kemp and the putative class did not receive a full 60 days notice prior to their last day of work.

36. JCCEO was the decision maker with respect to the uniform decision to lay-off hundreds of employees which occurred without sixty days notice in the JCCEO controlled facilities.

37. The Plaintiff and the class she seeks to represent have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, lost benefits, a declaratory judgment is their only means of securing adequate relief.

### IV.     **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violate the rights of the plaintiff, and the putative class as secured by Worker Adjustment Retraining Act 29 U.S.C § 2101 (1994), et seq.

2. Assess any appropriate civil penalty of not more than $500 per day per site for each day of the violation for failure to pay each aggrieved employee the amount for which the employer

is liable. 29 U.S.C. §2104(3).

3.    Enter an Order requiring the defendant to make the plaintiff whole by awarding the class the maximum benefits allowed by the WARN act.

4.    The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, prejudgment interest, and expenses.

## JURY DEMAND

The plaintiff and the putative class demand a trial by jury on all claims.

Respectfully submitted,

/s/Roderick T. Cooks
Roderick T. Cooks
Lee D. Winston
Eric L. Welch-Guster

*Attorneys for the Plaintiff and the putative class she seeks to represent*

**OF COUNSEL:**
Lee D. Winston
Roderick T. Cooks
WINSTON COOKS, LLC
351 24th Street North
Box 122
Birmingham, AL 35203
205-502-0970 Tel.
205-278-5876 Fax.
rcooks@winstoncooks.com
lwinston@winstoncooks.com

Eric L. Welch-Guster
The Guster Law Firm, LLC
9964 Parkway East

8

Birmingham, AL 35215
Guster Law Firm
9964 Parkway East
Birmingham AL 35215
205-240-1236 Tel.
205-581-9777 Tel.

PLAINTIFF'S ADDRESS:
Veronica Kemp
c/o Lee D. Winston
Roderick T. Cooks
WINSTON COOKS, LLC
351 24th Street North
Box 122
Birmingham, AL 35203
205-502-0970 Tel.
205-278-5876 Fax.
rcooks@winstoncooks.com
lwinston@winstoncooks.com

Eric L. Welch-Guster
The Guster Law Firm, LLC
9964 Parkway East
Birmingham, AL 35215
Guster Law Firm
9964 Parkway East
Birmingham AL 35215
205-240-1236 Tel.
205-581-9777 Tel.

**DEFENDANT'S ADDRESS:**
Jefferson County Committee for Economic Opportunity
300 8th Ave West
Birmingham, AL 35204
205-327-7500 Tel.