FILED
2021 Dec-19 PM 01:13
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| VERONICA KEMP, LAKETRA WRENN and all other similarly situated persons | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | CIVIL ACTION NO.: |
| JEFFERSON COUNTY COMMITTEE FOR ECONOMIC OPPORTUNITY and EXECUTIVE DIRECTOR SHARON MYLES, | ) ) ) ) ) | 2:21-cv-01609-AMM |
| **Defendants.** | ) ) | CLASS ACTION |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs Veronica Kemp and Laketra Wrenn (collectively "Plaintiffs") individually and on behalf of all others similarly situated, through counsel, bring this action in their individual capacities and on behalf of the class of persons similarly situated as defined below and for their Complaint allege, pursuant to their own knowledge, or where there is no personal knowledge, upon the investigation of counsel and/or upon information and belief, to wit:

## NATURE OF CASE

1.      This action seeks to recover back pay and benefits pursuant to 29 U.S.C. § 2101 et seq. (the "WARN Act") and other claims asserted herein based upon the common course of conduct by Defendants Jefferson County Committee for Economic Opportunity ("JCCEO") and Executive Director Sharon Myles ("Myles") (collectively "Defendants"), that resulted in the termination of approximately two-hundred and fifty to five hundred (250-500) employees without proper legal notice as part of a mass layoff on November 24, 2021 in Birmingham, Alabama.  Defendants' mass

lay-off deprived hundreds of terminated "workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

2.    Defendants failed to provide these terminated employees with sixty (60) days advance written notice required by the WARN Act.

3.    This action also seeks recourse for weeks of work performed by Class Members for which they were not paid and for monies withheld from their paychecks to compensate them over summer-break that have been converted by the Defendants.

## JURISDICTION

4.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334 and 1367, as well as 29 U.S.C. §§ 2102, 2104(a)(5).

5.    Venue over this matter is appropriate in this Court pursuant to 29 U.S.C. § 2104(a)(5) because many of the acts constituting the violation(s) of the WARN Act occurred, and the claims arose, in this District. Venue is also proper under 28 U.S.C. § 1391(a) and (b). The acts complained of occurred in the State of Alabama and, at all relevant times material hereto, the JCCEO maintained an office in this District, conducted business in this District, and a substantial part of the events or omissions giving rise to this action occurred in this judicial District.

## PARTIES

### *Plaintiffs*

6.    Plaintiff, Veronica Kemp, is a citizen of the United States, and a resident of the State of Alabama.  Ms. Kemp is a former full-time Teacher's Assistant for the Jefferson County

Committee for Economic Opportunity, that is purportedly no longer in business.

7.     Plaintiff, LakEtra Wrenn, is a citizen of the United States, and a resident of the State of Alabama.  Ms. Wrenn is a former full-time Teacher's Assistant for the Jefferson County Committee for Economic Opportunity, that is purportedly no longer in business.

8.     At all times relevant and material hereto, Plaintiffs and the putative Class Members were either full time employees of the JCCEO, or temporary employees other than part-time employees, and are to be counted in determining that the threshold requirements of the WARN Act are met.

9.     Plaintiffs and the putative Class Members were employees who, in addition to other substantial employee benefits, earned regular compensation and were damaged by JCCEO's violations of the WARN Act.

**Defendants**

***Defendant JCCEO***

10.     Defendant, Jefferson County Committee for Economic Opportunity ("Defendant" or "JCCEO") is a nonprofit organization incorporated to provide a wide range of services to low-income residents of Jefferson County, Alabama.

11.     The JCCEO is subject to suit pursuant to the provisions of the Act of Congress known as "Worker Adjustment Retraining Notification Act"  29 U.S.C § 2101 (1994) et seq. Defendant JCCEO is "a business enterprise" that employs 100 or more full time employees. 29 U.S.C. §2101(a).

12.     There was no public indication that the JCCEO was in financial distress, or that any of its locations were at risk of imminent closure. To the contrary, up until November 24, 2021,

3

JCCEO describes its mission as seeking to "reduce poverty and help low-income citizens of Jefferson County, Alabama to meet critical needs and become self-sufficient." Its programs include Head Start, utility and rental assistance, and home weatherization projects.

### Defendant Sharon Myles

13.    At all material times Defendant Sharon Myles was a resident of Birmingham, Alabama, and acted individually and on behalf of the JCCEO and all related corporations and/or subsidiaries.

14.    Defendant Myles was hired to serve as Executive Director of the JCCEO in November 2019.  She came from Georgia, where she had been director of operations at the Clayton County Services Authority in Forest Park.

15.    It has been reported that Myles was receiving a salary of $156,000.00 per year from the JCCEO in compensation.  Myles wielded vast control over the JCCEO and all of its locations at all material times.

16.    Upon information and belief, Myles controlled the JCCEO and all of its affiliates through her role as officer.

17.    Myles is individually liable for the actions of the JCCEO at all material times, as hereinafter alleged.[1]

### STATEMENT OF FACTS

18.    On November 1, 2021, Defendant Myles was terminated by the organization's Board of Directors.  Chief Human Resources Office Brenda Singgellos was named interim executive

---

[1] *Stanziale v. MILK072011, LLC (In re Golden Guernsey Dairy, LLC),* 548 B.R. 410 (Bankr. D. Del. 2015).

director.

19.     On or about November 18, 2021, the Board of Directors was warned that there possibly existed a large shortfall with the JCCEO's finances.  Upon information and belief, the shortfall was attributable to Myles's excessive and inappropriate spending, which led to gross mismanagement of the agency.

20.     Because of this shortfall, the JCCEO missed payroll for November 19, 2021.

21.     On November 22, 2021, less than a month after the JCCEO Board of Directors terminated Defendant Myles, Board Chair Gary Richardson announced that layoffs were imminent at the agency due to a $2 million financial deficit.

22.     On November 24, 2021, the JCCEO terminated approximately two-hundred and fifty to five-hundred (250-500) employees, including the named Plaintiffs and the putative class they seek to represent, without providing the sixty (60) day notice required under the WARN Act.

23.     The Plaintiffs were full time employees as defined under the WARN Act and suffered an employment loss under the Act.

24.     The putative Class Members, who were full-time and/or temporary employees other than part-time employees, are "affected employees" under the WARN Act because the contracts for temporary employment were a part of a long term relationship between the Defendants, their full-time and/or temporary employees, and their agents.

25.     In the time prescribed by the WARN Act, the JCCEO permanently terminated the affected employees.

26.     Further, more than 50 employment losses occurred during a single 30 day period. The statutory period under the WARN Act began on September 24, 2021 which is sixty (60) calendar

days before the first employment losses began on November 24, 2021.

27.     According to the Birmingham Business Journal, the JCCEO is one of metropolitan Birmingham's largest non-profits, with $32 million in annual revenue.

28.     On November 24, 2021, the JCCEO also informed its employees that their positions were terminated, and that it was unsure as to whether they would be paid for the previous two-weeks work.

29.     On December 1, 2021, JCCEO officials represented that the business would pay the affected employees wages earned up to December 12, 2021.  That promise has since been rescinded and no payments have been forthcoming.

30.     Upon information and belief, the JCCEO knew that terminations were anticipated, but failed to provide employees and state and local authorities with advance notice as required under the WARN Act.

31.     Terminated employees received no severance and barely an opportunity to gather their personal items before security badges and telephone extensions were deactivated.

32.     Plaintiffs and other terminated employees incurred expenses directly related to performing their duties or following the directions of the JCCEO.  The JCCEO has failed to reimburse Plaintiffs and other terminated employees these expenses.

33.     By failing to disclose impending mass layoffs and provide the statutory notice required by the WARN Act, the JCCEO precluded employees from looking for other work and/or making contingent plans while the JCCEO has continued to operate unabated.

34.     As a result of the JCCEO's unlawfully unnoticed layoffs, hundreds of jobs in the Birmingham metropolitan area have been lost to the detriment of the local economy, countless

individuals are without wages, and the struggling families that relied on its services have been devastatingly impacted.

35.     On December 1, 2021, JCCEO officials represented that the business would pay the affected employees wages earned up to December 12, 2021.  That promise has since been rescinded and no payments have been forthcoming.

## CLASS ACTION ALLEGATIONS

36.     Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2) and (3) and the WARN Act, 29 U.S.C. § 2104(a)(5).

37.     The Representative Plaintiffs sue on behalf of themselves and on behalf of all other similarly-situated employees employed by the JCCEO where there were more than 50 employees. The Representative Plaintiffs are members of the class they seek to represent.

38.     Plaintiffs bring this action for themselves and on behalf of a class of all similarly situated employees. Plaintiffs seek to certify a class (the "Class") defined as follows:

> **All former employees, excluding part-time employees, of the JCCEO who were terminated from their employment at the JCCEO without receiving sixty (60) days written notice of a mass layoff before the date of their termination.**

39.     Upon information and belief, Plaintiffs estimate that the Class comprises at least two-hundred and fifty (250) Class Members, making the Class is so numerous that joinder of all Class Members is impracticable. The members of the Class can be identified and located using information contained in the Defendants' human resources records.

40.     There are common questions of law and/or fact common to the Class that predominate over any questions affecting only individual Class Members. The questions of law and

fact common to the Class arising from Defendants' actions include, but are not limited to the following:

    a.    Whether the provisions of the WARN Act apply;

    b.    Whether Plaintiffs and Class Members are "affected employees" as defined by the WARN Act;

    c.    Whether the employee terminations by the JCCEO on November 24, 2021, constitute a "termination" and/or "mass layoff" under the WARN Act;

    d.    Whether the JCCEO failed to provide the notice(s) required by the WARN Act (29 U.S.C. § 2102(b));

    e.    Whether Defendants can avail themselves of any of the provisions of the WARN Act which permit lesser periods of notice;

    f.    The appropriate formulae to measure damages under the WARN Act (29 U.S.C. § 2104(a)(2)); and,

    g.    The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act (29 U.S.C. § 2104(a)(2)).

41.    Plaintiffs' claims are typical of those of the Class Members. Plaintiffs and the Class Members were subjected to the same kind of unlawful conduct and the claims of Plaintiffs and the Class Members are based on the same legal theories and questions of law and fact pursuant to the WARN Act.

42.    Plaintiffs will fairly and adequately protect the interests of the Class the Plaintiffs represent. Plaintiffs' interests do not conflict with the interests of the Class, and the Plaintiffs intend on prosecuting this action vigorously.

43.    Plaintiffs have retained experienced counsel qualified in class litigation and counsel

are competent to assert the interests of the Class.

44.     The unlawful acts of Defendants, as alleged herein, constitute a course of conduct common to Plaintiffs and each Class Member. Prosecution of separate actions by individual Class Members would create a risk of inconsistent of varying adjudications which would establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of the individual Class Members to protect their interests.

45.     Upon information and belief, Defendants, and each of them, have acted or refused to act on grounds generally applicable to the Class.

46.     A class action here is superior to other available methods for fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated individuals to simultaneously pursue their common claims in a single forum in an efficient manner, without unnecessary duplication of effort and expense that would be required if numerous individual actions were pursued.

47.     The relief necessary to remedy the claims of the Representative Plaintiffs are the same relief that is necessary to remedy the claims of the putative class members in this case.

48.     The Representative Plaintiffs seek the following relief for the class claims asserted herein: (1) a declaratory judgment that Defendant failed to issue the proper WARN ACT notice; (2) a permanent injunction against future violations; (3) all equitable relief allowed under the statute including back pay for up to 60 days per class member, plus benefits, and (4) attorneys' fees, costs, and expenses.

## COUNTS

### COUNT I
### VIOLATION OF THE FEDERAL WARN ACT

49.     At all times relevant to this lawsuit, Plaintiffs and Class Members have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 et seq.

50.     Defendants are "employers" as defined by the WARN Act.

51.     Plaintiffs are "affected employees" as defined under the WARN Act. 29 U.S.C. § 2101(a)(5).

52.     The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated via mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

53.     Defendants were and are subject to the notice and back pay requirements of the WARN Act because Defendants, individually and collectively, are a business enterprise that employs 100 or more employees, excluding part-time employees, as defined in the Warn Act. See 29 U.S.C. § 2101(1)(A).

54.     The WARN Act required Defendants to provide Plaintiffs and Class Members with 60 days notice prior to the layoffs complained of herein.

55.     This notice was not provided, and Defendants willfully violated the WARN Act by failing to provide the required notice.

56.     Section 2103 of the WARN Act exempts certain employers from the notice requirements of the WARN Act. See 29 U.S.C. § 2103(1)-(2).   None of these WARN Act exemptions apply to Defendants' failure to provide required notice to Plaintiffs and Class Members.

10

57.    Accordingly, Plaintiffs and Class Members have been damaged by Defendants' conduct and are entitled to the notice and back pay required by the WARN Act. 29 U.S.C. § 2101(1)(A).

58.    Defendants have not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

59.    Defendants knew or should have known that their conduct was the cause of the actual change in business circumstances at the JCCEO, as evidenced by public statements, making closing foreseeable.

60.    Defendants cannot allege in good faith that the terminations were unforeseeable due to business circumstances as the circumstances were (a) not unexpected conditions outside the employers control and therefore, (b) not sudden or dramatic but in part because of their very own actions which they knew of long before the terminations. As such, business circumstances cannot absolve the Defendants of liability under the WARN Act.

61.    Defendants had ample opportunities to satisfy the WARN Act notice requirements ahead of terminating Plaintiffs and Class Members, but instead willfully chose to remain silent to the detriment of Plaintiffs and the Class.

62.    Plaintiffs have been required to retain counsel in this matter to protect Plaintiffs' rights and have incurred attorneys' fees and costs in this matter.

63.    Plaintiffs are entitled to the amount of back pay and benefits for the period of the violation of the WARN Act by Defendants, in addition to attorneys' fees, costs, and any civil penalties this Court deems just and proper.

11

## COUNT II
## BREACH OF CONTRACT

64.     A valid and enforceable contract existed between Plaintiffs and Class Members and the JCCEO providing Plaintiffs and Class Members with entitlement to earned unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, all accrued paid time off, pension and 401(k) contributions, COBRA benefits, and other benefits.

65.     Those contracts required the JCCEO to pay employees all accrued vacation time, earned commissions, and other benefits at the time of termination of employment.

66.     The JCCEO breached the contract by failing to perform under the terms of its employment contracts with Plaintiffs and Class Members.

67.     As a direct and proximate result of the Defendants' breach(es), Plaintiffs and the Class have been harmed, entitling them to damages.

## COUNT III
## BREACH OF IMPLIED CONTRACT

68.     Plaintiffs repeat and re-allege the allegations of preceding paragraphs 64-67 as if fully restated herein. This count is pled in the alternative to the breach of express contract claim pursuant to FED. R. CIV. P. 8(d)(2).

69.     The dealings of the parties indicate a meeting of the minds on the terms of an agreement, such that Plaintiffs and Class Members were entitled to compensation for their unused, accrued vacation time and other accrued benefits.

70.     In the event no express contracts existed between the parties, implied contracts existed by virtue of the JCCEO's conduct and course of conduct.

12

71.     The JCCEO breached its contracts by failing to pay the aforementioned compensation and deliver benefits.

72.     As a direct and proximate result of the JCCEO's breach(es), Plaintiffs and the Class have been harmed, entitling them to damages.

## COUNT IV
## CONVERSION

73.     At all times relevant to this litigation, Defendants owed the Plaintiffs and the class they seek to represent a duty to not convert their property to Defendants' own use and benefit.

74.     Defendants breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to the Plaintiffs and the class they seek to represent.

75.     Accordingly, Defendants are liable in damages to the Plaintiffs and the class they seek to represent, the exact amount to be proven at trial.

## COUNT V
## NEGLIGENT BREACH OF FIDUCIARY DUTY

76.     At all times relevant to this litigation, Defendants owed a fiduciary duty to the Plaintiffs and the class members they seek to represent.

77.     Defendants negligently breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to the Plaintiffs and the class members they seek to represent.

78.     Accordingly, Defendants are liable in damages to the Plaintiffs and the class members they seek to represent, the exact amount to be proven at trial, arising out of the Defendants' negligent breach of their fiduciary duty.

## COUNT VI
## RECKLESS BREACH OF FIDUCIARY DUTY

79.     At all times relevant to this litigation, Defendants owed the Plaintiffs and the class members a fiduciary duty.

80.     Defendants recklessly breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to the Plaintiffs and the class members they seek to represent.

81.     Accordingly, Defendants are liable in damages to the Plaintiffs and the class members they seek to represent, the exact amount to be proven at trial, arising out of the Defendants' reckless breach of their fiduciary duty.

## COUNT VII
## INTENTIONAL BREACH OF FIDUCIARY DUTY

82.     At all times relevant to this litigation, Defendants owed the Plaintiffs and the class members they seek to represent a fiduciary duty.

83.     Defendants intentionally breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to the Plaintiffs and the class members they seek to represent .

84.     Accordingly, Defendants are liable in damages to the Plaintiffs and the class members they seek to represent, the exact amount to be proven at trial, arising out of Defendants' intentional breach of their fiduciary duty.

IV.     **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

a.      Certification of the Class pursuant to FED. R. CIV. P. 23; certifying Plaintiffs as representatives of the Class and designating their counsel of record as counsel for the Class;

b.      Finding that Defendants have violated the WARN Act and therefore holding Defendants liable to Plaintiffs and the Class in an amount to be determined;

c.      Compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

d.      A judgment in favor of Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, all accrued paid time off, pension and 401(k) contributions, COBRA benefits, and other benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C.A. § 2104(a)(1)(A), all un-reimbursed expenses advanced by Plaintiffs and Class Members, including any civil penalties;

e.      Reasonable attorney fees and costs;

f.      Pre-judgment interest as may be determined by statute and rule;

g.      Such other and further relief as the Court may deem necessary or appropriate.

h.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants violate the rights of the Plaintiffs, and the putative class as secured by Worker Adjustment Retraining Act 29 U.S.C § 2101 (1994),  et seq.

     i.      Assess any appropriate civil penalty of not more than $500  per day per site for each day of the violation for failure to pay each aggrieved employee the amount for which the employer is liable. 29 U.S.C. §2104(3).

     j.      Punitive damages in an amount to be determined by a jury.

### JURY DEMAND

The Plaintiffs and the putative class demand a trial by jury on all claims.

Respectfully submitted,

*/s/Roderick T. Cooks*
Roderick T. Cooks
Lee D. Winston
Eric L. Welch-Guster

*Attorneys for the Plaintiff and the putative class she seeks to represent*

**OF COUNSEL**:
Lee D. Winston
Roderick T. Cooks
WINSTON COOKS, LLC
351 24th Street North
Box 122
Birmingham, AL 35203
205-502-0970 Tel.
205-278-5876 Fax.
rcooks@winstoncooks.com
lwinston@winstoncooks.com

Eric L. Welch-Guster
The Guster Law Firm, LLC
9964 Parkway East
Birmingham, AL 35215
Guster Law Firm
9964 Parkway East
Birmingham AL 35215
205-240-1236 Tel.

16

205-581-9777 Tel.

**PLAINTIFF'S ADDRESS**:
Veronica Kemp
c/o Lee D. Winston
Roderick T. Cooks
WINSTON COOKS, LLC
351 24th Street North
Box 122
Birmingham, AL 35203
205-502-0970 Tel.
205-278-5876 Fax.
rcooks@winstoncooks.com
lwinston@winstoncooks.com

Eric L. Welch-Guster
The Guster Law Firm, LLC
9964 Parkway East
Birmingham, AL 35215
Guster Law Firm
9964 Parkway East
Birmingham AL 35215
205-240-1236 Tel.
205-581-9777 Tel.

**DEFENDANT'S ADDRESS**:
Jefferson County Committee for Economic Opportunity
300 8th Ave West
Birmingham, AL 35204
205-327-7500 Tel.