FILED
2022 Feb-03  AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VERONICA KEMP, et al.,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case Number: 2:21-cv-01609-AMM |
| **JEFFERSON COUNTY COMMITTEE FOR ECONOMIC OPPORTUNITY, et al.,** | ) |
| **Defendants.** | ) |

## ANSWER

COMES NOW, Defendant, Jefferson County Committee for Economic Opportunity ("JCCEO"), and for Answer to the Plaintiffs' Amended Class Action Complaint, sets forth and assigns the following defenses, separately and severally:

## FIRST DEFENSE

Responding to the Amended Class Action Complaint, paragraph by paragraph, this Defendant says as follows:

1. This Defendant does not dispute that the Complaint purports to state a cause of action based upon an alleged WARN Act violation, but this Defendant denies any such violation and denies that it is in anyway liable to the Plaintiffs.

2. This Defendant admits that certain employees were given less than 60 days notice, but denies any WARN Act violation under the circumstances.

3. This Defendant denies the allegations of this paragraph.

4. This Defendant does not contest jurisdiction.

5. This Defendant does not contest venue, but denies any violations of the WARN Act as alleged.

6. This Defendant admits the allegations of this paragraph, except the allegation that this Defendant is purportedly no longer in business, which is denied.

7. This Defendant admits the allegations of this paragraph, except the allegation that this Defendant is purportedly no longer in business, which is denied.

8. This Defendant lacks significant information to admit the allegations of this paragraph at this time, therefore, the allegations are denied, and the Defendant demands strict proof thereof.

9. This Defendant denies the allegations of this paragraph.

10. This Defendant admits the allegations of the paragraph.

11. This Defendant admits it is a business enterprise and that it formerly employed 100 or more full-time employees. Otherwise, the allegations of this paragraph are denied.

12. This Defendant admits that the description of JCCEO's mission is generally accurate. The remainder of the allegations of this paragraph are denied.

13. This Defendant admits that Miles was a resident of Birmingham and was the Executive Director of JCCEO, prior to her termination. Otherwise, the allegations of this paragraph are denied.

14. This Defendant admits the allegations of this paragraph.

15. This Defendant denies the allegations of this paragraph.

16. This Defendant denies the allegations of this paragraph.

17. The allegations of this paragraph are not directed to this Defendant, therefore, no response is required at this time.

18. This Defendant admits the allegations of this paragraph.

19. This Defendant admits the allegations of this paragraph.

20. This Defendant denies the allegations of this paragraph.

21. This Defendant denies the allegations of this paragraph.

22. This Defendant admits that it terminated the Named Plaintiffs, but otherwise denies the allegations of this paragraph.

23. This Defendant admits that the Plaintiffs were employees of JCCEO and that their employment was terminated. Otherwise, the allegations of this paragraph are denied.

24. This Defendant denies the allegations of this paragraph.

25. This Defendant denies the allegations of this paragraph.

26. This Defendant denies the allegations of this paragraph.

27. This Defendant denies the allegations of this paragraph.

28. This Defendant admits that it informed some employees that their positions were terminated, but otherwise denies the allegations of this paragraph.

29. This Defendant denies the allegations of this paragraph.

30. This Defendant denies the allegations of this paragraph.

31. This Defendant admits that terminated employees received no severance, but denies the remaining allegations of the paragraph.

32. This Defendant denies the allegations of this paragraph.

33. This Defendant denies the allegations of this paragraph.

34. This Defendant denies the allegations of this paragraph.

35. This Defendant denies the allegations of this paragraph.

36. This Defendant denies that it would be proper to certify this case as a class action and denies any WARN Act violation.

37. This Defendant denies the allegations of this paragraph.

38. This Defendant denies that this case is properly certifiable as a class action.

39. This Defendant denies the allegations of this paragraph.

40. This Defendant denies the allegations of this paragraph.

41. This Defendant denies the allegations of this paragraph.

42. This Defendant denies the allegations of this paragraph.

43. This Defendant denies the allegations of this paragraph.

44. This Defendant denies the allegations of this paragraph.

45. This Defendant denies the allegations of this paragraph.

46. This Defendant denies the allegations of this paragraph.

47. This Defendant denies the allegations of this paragraph.

48. This Defendant denies that the Plaintiffs are entitled to any such relief.

49. This Defendant denies the allegations of this paragraph.

50. This Defendant admits the allegations of this paragraph.

51. This Defendant denies the allegations of this paragraph.

52. This Defendant admits the allegations of this paragraph.

53. This Defendant denies the allegations of this paragraph.

54. This Defendant denies the allegations of this paragraph.

55. This Defendant denies the allegations of this paragraph.

56. This Defendant denies the allegations of this paragraph.

57. This Defendant denies the allegations of this paragraph.

58. This Defendant denies the allegations of this paragraph.

59. This Defendant denies the allegations of this paragraph.

60. This Defendant denies the allegations of this paragraph.

61. This Defendant denies the allegations of this paragraph.

62. This Defendant denies the allegations of this paragraph.

63. This Defendant denies the allegations of this paragraph.

64. This Defendant denies the allegations of this paragraph.

65. This Defendant denies the allegations of this paragraph.

66. This Defendant denies the allegations of this paragraph.

67. This Defendant denies the allegations of this paragraph.

68. This Defendant denies the allegations of this paragraph.

69. This Defendant denies the allegations of this paragraph.

70. This Defendant denies the allegations of this paragraph.

71. This Defendant denies the allegations of this paragraph.

72. This Defendant denies the allegations of this paragraph.

73. This Defendant denies the allegations of this paragraph.

74. This Defendant denies the allegations of this paragraph.

75. This Defendant denies the allegations of this paragraph.

76. This Defendant denies the allegations of this paragraph.

77. This Defendant denies the allegations of this paragraph.

78. This Defendant denies the allegations of this paragraph.

79. This Defendant denies the allegations of this paragraph.

80. This Defendant denies the allegations of this paragraph.

81. This Defendant denies the allegations of this paragraph.

82. This Defendant denies the allegations of this paragraph.

83. This Defendant denies the allegations of this paragraph.

84. This Defendant denies the allegations of this paragraph.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Except as admitted in the First Defense herein, this Defendant denies each and every material averment of the Plaintiffs' Complaint and demands strict proof thereof.

## FOURTH DEFENSE

Except as admitted in the First Defense herein, this Defendant says it is not guilty of each and every material averment of the Plaintiffs' Complaint and pleads the general issue.

## FIFTH DEFENSE

This Defendant says that it is exempt from the notice requirements and any resultant liability under the WARN Act due to unforeseen business circumstances.

## SIXTH DEFENSE

This Defendant pleads the statute of frauds as defense.

## SEVENTH DEFENSE

This Defendant pleads lack of consideration as a defense.

## EIGHTH DEFENSE

This Defendant pleads contributory negligence as a defense.

## NINTH DEFENSE

This Defendant denies that that the Plaintiffs were damaged to the nature and extent claimed and contests damages.

## TENTH DEFENSE

This Defendant says that the Plaintiffs have failed to mitigate any alleged damages.

## ELEVENTH DEFENSE

This Defendant pleads the doctrine of unclean hands as a defense.

## TWELFTH DEFENSE

This Defendant denies that the proposed class is so numerous that the joinder of all members is impracticable.

## THIRTEENTH DEFENSE

This Defendant denies that there are questions of law and fact common to the proposed class.

## FOURTEENTH DEFENSE

This Defendant denies that the claims and/or defenses of the representative parties are typical of the claims and defenses of the proposed class.

## FIFTEENTH DEFENSE

This Defendant denies that the Plaintiffs can fairly and adequately protect the interest of the proposed class.

## SIXTEENTH DEFENSE

This Defendant says that questions of law and fact affecting only individual members predominate over any questions of law and fact common to the proposed class.

## SEVENTEENTH DEFENSE

This Defendant denies that a class action is superior to other available methods for fair and efficient adjudication of the controversy.

## EIGHTEENTH DEFENSE

This Defendant says that the Plaintiffs are not members of the proposed class, which they purport to represent.

## NINETEENTH DEFENSE

This Defendant say that the Plaintiffs' proposed class would require individual testimony by each class member on issues related to both liability and alleged damages.

## TWENTIETH DEFENSE

This Defendant says that it has acted in good faith and with the reasonable belief that it has been in compliance with all applicable laws at all times material hereto.

*/s/ C. Peter Bolvig, Esq.*
C. Peter Bolvig, Esq.  (BOL008)
Attorney for Defendant, Jefferson County
Committee for Economic Opportunity

**OF COUNSEL:**
Mudd, Bolvig, Luke & Wells, LLC
2011 4th Avenue North
Birmingham, AL 35203
205-639-5300
pbolvig@wmslawfirm.com

<u>**THIS DEFENDANT DEMANDS TRIAL BY STRUCK JURY IN THIS CAUSE.**</u>

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on this the 3rd day of February, 2022, a copy of the foregoing was served on all counsel of record in this cause by one or more of the following in accordance with the <u>Alabama Rules of Civil Procedure</u>:

| | |
|---|---|
| Roderick T. Cooks, Esq.<br>Lee David Winston, Esq.<br>Winston Cooks, LLC<br>351 24th Street North, Box 122<br>Birmingham, Alabama 35203<br>rcooks@winstoncooks.com<br>lwinston@winstoncooks.com | [X] AlaFile/CM-ECF electronic filing<br>[ ] E-mail, delivery receipt requested<br>[ ] U.S. Mail<br>[ ] Hand Delivery<br>[ ] Facsimile |
| Eric L. Guster, Esq.<br>Guster Law Firm, LLC<br>2223 4th Avenue North<br>Birmingham, Alabama 35203<br>eric@gusterlawfirm.com | [X] AlaFile/CM-ECF electronic filing<br>[ ] E-mail, delivery receipt requested<br>[ ] U.S. Mail<br>[ ] Hand Delivery<br>[ ] Facsimile |
| Collin C. Sherman<br>Sherman & Lacey LLP<br>Post Office Box 3062<br>Mobile, Alabama 36653<br>cshermanesq@yahoo.com | [X] AlaFile/CM-ECF electronic filing<br>[ ] E-mail, delivery receipt requested<br>[ ] U.S. Mail<br>[ ] Hand Delivery<br>[ ] Facsimile |

                */s/ C. Peter Bolvig*
                OF COUNSEL