# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| VERONICA KEMP, LAKETRA WRENN and all other similarly situated persons, | ) ) ) ) | |
| **Plaintiffs** | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO: |
| JEFFERSON COUNTY COMMITTEE FOR ECONOMIC OPPORTUNITY and EXECUTIVE DIRECTOR SHARON MYLES, | ) ) ) ) ) ) | 2:21-cv-01609-AMM |
| **Defendants** | ) | |

## DEFENDANT SHARON MYLES' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR STAY

Defendant, Sharon Myles ("Ms. Myles"), respectfully replies to Plaintiffs' response in opposition to stay the case as to the claims against Ms. Myles as follows.

1. First, to clarify, Ms. Myles is not seeking a stay of this case in perpetuity. Rather, Ms. Myles respectfully suggests that the matter be stayed for 180 days, with this Honorable Court to revisit the stay at that point.

2. Alabama Code 1975 § 36-25-4(i) gives the State Ethics Commission 180 days from receipt or initiation of an ethics complaint to determine whether

probable cause exists. If the Commission does not find probable cause after 180 days, then the complaint shall be deemed dismissed.

3. Although there is the possibility of a one-time extension of 180 days for the Commission to act, for the time being, Ms. Myles shows good cause for a 180 day stay of this case, which can be revisited following the passage of 180 days as to whether the stay should remain in effect.

4. Turning to the particulars of Plaintiffs' response in opposition to Ms. Myles' Motion for Stay, Plaintiffs sued Ms. Myles in this civil matter alleging claims which potentially incriminate her. Plaintiffs do not dispute that an investigation of Ms. Myles by the State Ethics Commission was requested. Nor do Plaintiffs dispute that such an investigation could lead to the criminal prosecution of Ms. Myles. Rather, Plaintiffs concede to the same.

5. Plaintiffs assert an argument for prejudice against them by stating that "Defendant Myles may expend a great deal of money defending the potential criminal prosecution and might face significant judgment, which will decrease their likelihood of recovery." (CM/ECF No. 18 at 12-13).

6. Thus, as framed by Plaintiffs, including Plaintiff's speculation that Plaintiffs will prevail on the merits, this case is a race to the money.

7. Potential collectability of a civil judgment is not a valid argument to rebut the prejudice to Ms. Myles' Fifth Amendment privilege against self-

incrimination. Rather, the argument is an attempt to foster the fear of criminal prosecution against Ms. Myles for civil collection purposes and in the initial stages of this civil litigation.

8. Plaintiffs wish for this case to proceed against Ms. Myles and to force her to make the unenviable choice of invoking her Fifth Amendment privilege on an allegation-by-allegation/question-by-question basis. By proceeding in this manner, Ms. Myles will be faced with the critical decision to either waive her Fifth Amendment right against self-incrimination by answering the question or trigger an adverse inference by asserting her Fifth Amendment privilege against self-incrimination -- potential criminal prosecution on the one hand or potential civil liability on the other through an adverse inference.[1]

9. Additionally, forcing Ms. Myles to assert her Fifth Amendment privilege on an allegation-by-allegation/question-by-question basis will almost certainly raise intermediate discovery disputes in this matter which will have to be resolved by the Court. Plaintiffs will presumably serve discovery requests which force Ms. Myles into making a choice that is prejudicial to her in either outcome. Motions for protective orders and requests for stay on specific aspects of this case

---

[1] "[T]he Fifth Amendment does not forbid adverse inference against parties . . . when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *see also Wehling v. Columbia Borad. Sys.*, 608 F.2d 1084, 1087 (5th Cir. 1979) (noting that courts should not force a party to choose between his Fifth Amendment right to silence and his due process right to a judicial determination of his civil action).

are almost certain to follow if Ms. Myles' request for a stay is denied. Arguing over these matters on a statement-by-statement basis this early in the litigation is an unnecessary expense for the parties and an imposition on judicial resources.

10. This case is early in its pendency and the claims are fresh. Plaintiffs filed their original complaint in this matter just a week and a half after their alleged cause of action arose. Plaintiffs then filed their amended complaint against Ms. Myles shortly afterwards.

11. Staying the case against Ms. Myles at this early stage of the proceedings removes a substantial prejudice upon her without affecting Plaintiffs' ability to discover evidence by other means.

12. Specifically, Plaintiffs would not be stayed from proceeding against the JCCEO Defendant. In doing so, Plaintiffs can develop their case without Ms. Myles' involvement. Any evidence Plaintiffs might discover from Ms. Myles in this matter should first be sought from JCCEO.

13. As such, there is no prejudice to Plaintiffs' ability to develop their case while the case against Ms. Myles is stayed.

14. On the other hand, Ms. Myles would be greatly prejudiced in proceeding with her defense to Plaintiffs' case if the case is not stayed as to her.

15. Furthermore, judicial economy weighs heavily in favor of staying this case as to Ms. Myles, for discovery skirmishes inherent in the interplay between a

party's constitutional right against self-incrimination and the mandates of civil action discovery will be avoided by a stay of this case.

16. In conclusion, Ms. Myles is not seeking a stay of this case in perpetuity. Rather, Ms. Myles respectfully suggests that the matter be stayed for 180 days to see what the State Ethics Commission decides, with this Honorable Court to revisit the stay at that point. *See* Alabama Code 1975 § 36-25-4(i).

17. Thus, Ms. Myles shows good cause for a 180-day stay of this case, which can be revisited following the passage of 180 days as to whether the stay should remain in effect.

WHEREFORE, Defendant Sharon Myles respectfully requests that this Honorable Court stay this matter in its entirety for at least 180 days with regard to Sharon Myles in her individual and official capacity, including staying the requirement to file and serve a pleading responsive to Plaintiffs' Amended Complaint, conducting the parties' planning meeting, making initial disclosures, and serving and responding to formal discovery requests, including deposition testimony.

Respectfully Submitted,
**/s/Colin D. Sherman**
COLIN D. SHERMAN (ASB-3110-O72S)
*Attorneys for Defendant,*
*Sharon Myles*

**OF COUNSEL:**

SHERMAN & LACEY, LLP
Post Office Box 3062
Mobile, AL 36652-3062
Tel.: (251) 930-5415
Fax: (251) 252-7794
csherman@shermanlaceylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, March 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for all parties herein.

**/s/Colin D. Sherman**